Opinion of the Court, by
Judge Mills.
GN the trial of the issue of non est factum, in an ao tion of covenant brought by the assignee of a undersea!, the plaintiff made oath that the subscribing witness was dead, and that he knew of no person in this State, who could prove the hand writing of the witness, the obligor having made his mark; but that in Tennessee he knew persons who could prove the hand writing. He then executed and delivered a release in court to the assignor and obligee of the writing, and tendered him as a witness; but the court rejected his testimony, and the plaintiff excepted, and a .judgment having been rendered against him, to reverse it he has prosecuted this writ of error.
(1) We cannot perceive the principle on which this witness was excluded. If it be on the ground that it was not the best evidence which the nature of the case admitted of, it has been repeatedly decided by this court, that a person litigant is not bound to travel without the State to collect testimony, before he shall be permitted to resort to an inferior grade of evidence. lie may go, it is true, with a dedimus, to acquire proof which he cannot do without; but he is not bound to go, if he has inferior evidénce sufficiently persuasive and satisfactory, but may show the best evidence to be without the Stale, and then use the next best existing within the control of tlie court. It cannot be on the ground of interest remaining in the witness after the execution of the release; for the principle that a release restores the competence of a witness, is loo well settled to need authoritiesto support it.
(2) It canno.t be on the ground that the'witness'offcr-c.d had assigned the paper, it is true, Rml cases may be found where the assignor or endorser has not been permitted, by his oath, to invalidate the paper which he had endorsed. Without enquiring now into t.he soundness of those decisions, they are based on the ground of policy, that a witness shoultj not he permitted to destroy a paper, to which he had given currency by his endorsement. Here the witness was not offered to destroy, but support the instrument which he had asgign-* *24 eel. Ho ought to have been admitted as competent^ leaving his credit with the jury.
[3] Statute making obii-cuted,y ns-signable, is constitution-a
[4] The ,ute of assign-n!ent>rS ,re' to'tíie oblLa-tions made transferable; a8°io°theV assign men tsau-tiiorispcl bjf it.
(3) A point is suggested against the redress demanded by the writ of error. The bond declared on bears date in February 1790, and was^assigned to the plain» tiffin 1318,and it maybe urged, that as the obligation -or covenant was executed before the existence of our act of Assembly regulating assignments, and is for prop-er(y ln ([le first, instance, and eventually for money, it could not be passed by assignment, so as to give the as-signee the right of suit in his own name, and therefore, as the plaintiff, by his own showing, has no cause of action, he cannot be injured by any decision given by the court below.
It has been often decided, that on a bond or writing’ stipulating the payment of commodities or property, assigned before our act which makes such writings negotiable, the assignee could not support an action in his own name. ’No decision, however, has determined that such writing, executed before the statute, could not be ’assigned afterwards. It is evident, that an assignment on an instrument then not assignable, could not vest the. legal estate, and the passage of the act afterwards, was not intended to give a legal title, where none existed before. But whether the Legislature could prospectively communicate a negotiable quality to an instrument before not negotiable, is a different question. We perceive no objection to such exercise of legislative power. It does not alter the nature of the instrument in any shape, or in any manner vary or affect the terms of the contract. The obligor was bound for just as much at-terwards as before, and no more, and net the least prejudice to the rights of either party, is perceived by such an act.
(4) The question, then, must narrow itself to the inquiry, has the Legislature done so? The expressions are: “ All bonds, bills and promissory notes, whether for money or property, shall be assignable.” The. word oí/» L comprehensive enough to embrace those cxecut-ed before, as well as those after its passage; and there ¡g np other restriction in the act, except what arises fr°m the expressions, “ whether for money or property.” This limitation existing in the act, shows that other exceptions are not to be made. The words are prospective as to the assignment, and not as. to the execution *25 of'lhe writings made assignable. We, therefore, conclude that this writing, which existed at the passage of the act, was mada assignable, as well as others executed afterwards, and that the plaintiff, by his own showing, has made out a good title, and is authorized to support a writ of error, as well as the action in his own name.
Triplett, for plaintiff.
The judgment must, therefore, be reversed, the verdict be set aside with costs, and the cause be remanded for new proceedings, hot inconsistent with this opinion.